IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LAURA BRUZZESE,<br>    Plaintiff,<br><br>v.<br><br>PASSAGES INTERNATIONAL, INC.,<br>    Defendant, | )<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND JURY DEMAND**

The plaintiff Laura Bruzzese ("Plaintiff"), by her undersigned attorney, R. Terry Parker, Esq., for her Complaint against the defendant Passages International, Inc. ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), and 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2. Plaintiff is an individual residing in Albuquerque, New Mexico.

3. Upon information and belief, Defendant is a foreign corporation doing business at 69 Veronica Avenue, Unit 10D, Somerset, New Jersey, 08873.

**JURISDICTION AND VENUE**

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and

28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district related to the claims at issue and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Plaintiff's Business**

7. Plaintiff is an artist living and working in Albuquerque, New Mexico and the owner of the copyrights in the sculptural works at issue in this litigation, a depiction of which is as follows:



8. Plaintiff's sculptural works are referred to herein after as the "Copyrighted Works."

9. The Copyrighted Works are original works of authorship.

10. Plaintiff has obtained a certificates of registration from the United States Copyrighted Office for the Copyrighted Work, Reg. Nos. Vau 001172540 and Vau1173624.

**B.     Defendant's Unlawful Activities**

11. In or about 2013, Plaintiff contracted with Defendant to distribute the Copyrighted Works.  The Copyrighted Works were used as a large biodegradable urns that were sold by Defendant in the death care industry.  In the fall of 2022, Plaintiff informed Defendant of various problems with Defendant's distribution services, namely, serious issues with Defendant's record keeping, late payments and other poor business practices.  Defendant was unable to remedy these problems with its services so Plaintiff ceased sending reproductions of her Copyrighted Works to Defendant for distribution and sale.  Plaintiff's last purchase order with Defendant was June of 2023.

12. However, in fall of 2023, Plaintiff discovered Defendant was infringing Plaintiff's exclusive copyrights in the Copyrighted Works.  Specifically, Plaintiff discovered that Defendant was reproducing, distributing, publicly displaying, and offering for sale reproductions of the Copyrighted Works without Plaintiff's authorization at Defendant's website.

13. In or about October of 2023, Plaintiff notified Defendant of its infringing conduct and demanded that Defendant cease its reproduction, distribution, and offer for sale reproductions of the Copyrighted Works.

14. Defendant did not cease but continues, to this day, its reproduction, distribution, derivation, public display, and sale of the Copyrighted Works.  Screenshots demonstrating

Defendant's reproduction, distribution, public display of the Copyrighted Works are as follows:







15. Defendant's reproductions are substantially similar to Plaintiff's Copyrighted Works.

16. Defendant's unauthorized reproduction, distribution, public display, derivation, and sale of unlawful reproductions of the Copyrighted Works are in violation of Plaintiff's exclusive copyrights in the Copyrighted Works and are thus infringing in violation of 17 U.S.C. § 101 et seq.

17. Defendant's infringing conduct is knowing and willful and warrants enhanced

damages as provided by Congress in 17 U.S.C. § 504(c).

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq*.)

18. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

19. The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

20. Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Works to bring suit.

21. Upon information and belief, as a result of Plaintiff's provision of reproductions of the Copyrighted Works to Defendant, Defendant had access to the Copyrighted Works prior to the creation of Defendant's infringing reproductions.

22. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, creating unlawful derivative, and publicly displaying the infringing works at its website.

23. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

24. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

25. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

26.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

27.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

28.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2.     A declaration that such infringement is willful;

3.     An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of the Copyrighted Works;

4.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: December 13, 2023

                                      Respectfully submitted,

                                      /s/R. Terry Parker  
                                      R. Terry Parker, Esq.  
                                      Law Office of R. Terry Parker  
                                      43 West 43rd Street, Suite 275  
                                      New York, New York 10036-7424  
                                      Tel: (212) 859-5068  
                                      Email: terry@rterryparkerlaw.com