Y. Jae Kim, Esq.
Firouzeh Nur-Vaccaro, Esq.
**KIM IP LAW GROUP LLC**
129 W. Evesham Road
Voorhees, NJ 08043
(856) 520-8988
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LAURA BRUZZESE,

     Plaintiff,

v.

PASSAGES INTERNATIONAL, INC.,

     Defendant.

Case No.: 3:23-cv-23047-ZNQ-RLS

### DEFENDANT'S ANSWER AND COUNTERCLAIM

Passages International, Inc. ("Passages" or "Defendant"), by and through undersigned counsel, states as follows for its Answer to Plaintiff Laura Bruzzese's Complaint and Jury Demand ("Complaint"). [Doc. 1]. Except where Defendant expressly admits a factual allegation in this Answer, Defendant expressly denies each allegation of the Complaint.

### SUBSTANCE OF THE ACTION

1. Paragraph 1 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1.

## PARTIES

2.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Complaint, and therefore denies them.

3.      Defendant admits the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits that it conducts business in the judicial district and that personal jurisdiction over Defendant is proper.  Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

7.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8.      Paragraph 8 of the Complaint does not contain allegations to which a response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 8.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     In response to Paragraph 10 of the Complaint, Defendant states that the Certificates of Registration for U.S. Copyright Registration Nos. Vau001172540 and Vau001173624 speak for themselves.  To the extent that the allegations contained in Paragraph 10 are inconsistent with the Certificates of Registration, Defendant denies the allegations.

2

4861-2135-6958, v. 2

**B.    Defendant's Unlawful Activities**

11.    In response to Paragraph 11, Defendant admits that in 2013, Defendant and Plaintiff entered into a verbal contract, confirmed by purchase orders, in which Defendant would purchase biodegradable urns manufactured by Plaintiff.  Defendant admits that the last purchase order between Defendant and Plaintiff was in June of 2023.  Defendant denies all remaining allegations contained in Paragraph 11.

12.    Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.    In response to Paragraph 13, Defendant admits that it received a cease and desist letter from Plaintiff on September 22, 2023.  Defendant states that the cease and desist letter speaks for itself.  To the extent that the allegations contained in Paragraph 13 are inconsistent with the cease and desist letter, Defendant denies the allegations.

14.    Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.    Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.    Paragraph 16 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 16.

17.    Paragraph 17 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 17.

**CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq*.)**

18.    Defendant restates its answers to Paragraphs 1 through 17 and incorporates them by reference as if fully set forth herein.

3

19.    Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.    Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.    In response to Paragraph 21, Defendant admits that it had access to the biodegradable urns manufactured by Plaintiff pursuant to the verbal contract and purchase orders between Defendant and Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 21.

22.    Paragraph 22 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 22.

23.    Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.    Paragraph 24 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 24.

25.    Paragraph 25 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 25.

26.    Paragraph 26 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 26.

27.    Paragraph 27 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 27.

4861-2135-6958, v. 2

28.    Paragraph 28 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 28.

## PRAYER FOR RELIEF

In response to the enumerated Paragraphs 1 through 9 of Plaintiff's Prayer for Relief, Defendant states that each is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any damages or judgment sought in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed in whole or in part to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, acquiescence and unclean hands.

3.    Plaintiff's claims are barred due to her own fraud on the Copyright Office.

4.    Plaintiff's claims are barred because U.S. Copyright Registration Nos. Vau001172540 and Vau001173624 are invalid and unenforceable.

5.    Plaintiff's claims are barred because the copyrighted works are not original.

6.    Plaintiff's claims are barred because Defendant is a joint author and co-owner of the subject matter of the asserted copyrights.

7.    Plaintiff's claims are barred by the doctrine of copyright misuse.

8.    Plaintiff's claims are barred by implied license.

9.    Plaintiff's claims are barred in part by the first sale doctrine.

10.    Plaintiff has suffered no actual injury or damage.

5

4861-2135-6958, v. 2

11.    Defendant independently created its own design works.

12.    Defendant's design works are not substantially similar to the asserted copyrights.

13.    The acts alleged in the Complaint constitute fair use.

14.    To the extent there were any acts of infringement, which Defendant expressly denies, they were innocent and not willful.

15.    To the extent there were any acts of infringement, which Defendant expressly denies, Defendant was not aware and had no reason to believe that its actions constituted copyright infringement, and any award of statutory damages should accordingly be reduced pursuant to 17 U.S.C. § 504(c)(2).

16.    Plaintiff has not suffered any damages attributable to, or caused by, Defendant.

17.    Defendant hereby reserves the right to add, supplement, or amend any and all of its Affirmative Defenses based upon evidence that may be obtained and developed throughout this proceeding.

WHEREFORE, having completely and fully provided its Answer to the Complaint, Defendant Passages International, Inc. respectfully requests that the Court dismiss the Complaint with prejudice, enter judgment against Plaintiff and in Defendant's favor for damages in an amount to be determined at trial, plus punitive damages, costs, fees, pre- and post-judgment interest, and such other relief that the Court deems just.

## PASSAGES INTERNATIONAL, INC'S COUNTERCLAIM

Passages International, Inc. ("Passages" or "Counter-Plaintiff"), through undersigned counsel, states as follows for its Counterclaim against Laura Bruzzese ("Bruzzese" or "Counter-Defendant") for declaratory judgment of non-infringement and that U.S. Copyright Registration Nos. Vau001172540 and Vau001173624 are invalid and unenforceable due to fraud on the Copyright Office.

6

## PARTIES, JURISDICTION, AND VENUE

1.      Passages is a New Mexico corporation having its principal place of business in Albuquerque, New Mexico.  Passages also has an office in Somerset County, New Jersey and is a registered in New Jersey as a foreign corporation.

2.      Upon information and belief, Bruzzese is an individual residing in Bernalillo County, New Mexico.

3.      This Court has personal and subject matter jurisdiction over this matter pursuant to 17 U.S.C. § 101 *et seq.* (copyrights), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338 (jurisdiction over copyright actions), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTS

5.      Since 1999, Passages had been designing, manufacturing, and selling biodegradable themed urns for deployment in water.

6.      Bruzzese approached Passages proposing two turtle designs for biodegradable urns: a small turtle design in or around year 2011 and a large turtle design in or around year 2013 (the "Bruzzese Turtle Urns").

7.      Passages agreed to work with Bruzzese and to sell the Bruzzese Turtle Urns, but Passages required modifications to the Bruzzese Turtle Urns for use as actual urn products for deployment in the water.  For both the small and large versions, Passages assisted with the development of the Bruzzese Turtle Urns designs, including implementing changes to add more holes, making the bodies larger to hold more remains, making a larger opening for cremated remains to be inserted, and widening and flattening the fin design to help with flotation (the "Modified Bruzzese Turtle Urns").

7

8.      Passages and Bruzzese entered into an arrangement in which Bruzzese would manufacture the Modified Bruzzese Turtle Urns, and Passages would purchase the Modified Bruzzese Turtle Urns from Bruzzese and sell them to Passages' customers.

9.      Passages submitted purchase orders to Bruzzese for the Modified Bruzzese Turtle Urns, the earliest of which were for a quantity of the small version of the Modified Bruzzese Turtle Urns in or around 2011-2012 and paid Bruzzese in accordance with the amount purchased.

10.     Passages and Bruzzese maintained the above business relationship until sometime in year 2023.

11.     Unknown to Passages, Bruzzese had applied to copyright the Modified Bruzzese Turtle Urn designs and obtained Copyright Registration Nos. Vau001172540, entitled "Large Papier-Mache Turtle with Door" and Vau001173624, entitled "Small Papier-Mache Turtle with Door" on January 16, 2014 (both referred to herein as the "Bruzzese Registrations").

12.     Bruzzese applied for and obtained the Bruzzese Registrations as the sole author and owner (claimant), without naming Passages or any of the Passages employees that contributed authorship to the Modified Bruzzese Turtle Urns.

13.     Based on Passages' development and modifications to the subject matter of the copyrights, Passages is a joint author and co-owner of the subject matter of the Bruzzese Registrations, and should have been listed as such on any copyright application.

14.     Passages was not informed that Bruzzese had applied for and obtained copyright registrations for the Modified Bruzzese Turtle Urn designs until Bruzzese delivered a cease and desist letter to Passages on September 22, 2023, alleging copyright infringement by Passages.

8

## COUNT I – DECLARATORY JUDGMENT

15.     Passages realleges Paragraphs 1 through 14 of this Counterclaim and incorporates them by reference as if fully set forth herein.

16.     Bruzzese knowingly and intentionally failed to disclose to the Copyright Office in her copyright registration applications that the copyrighted designs were jointly authored by Bruzzese and Passages.

17.     Bruzzese's omission concerning authorship of the copyrighted works was material.

18.     Bruzzese's failure to disclose material information concerning the joint authorship deprived the Copyright Office of the ability to make a fully informed decision about whether the work Bruzzese sought to register was solely authored and owned by her.

19.     Had Bruzzese informed the Copyright Office of the fact that the applied for copyrights were jointly authored by her and Passages, it would have led to the rejection of Bruzzese's applications as the works did not constitute original works of authorship, and/or would have resulted in Passages being listed as a joint author and co-owner of the copyrighted works.

20.     Passages has suffered damages as a result of Bruzzese's fraudulent omission.

21.     Bruzzese has alleged copyright infringement of the Bruzzese Registrations against Passages on the basis of the fraudulently-obtained copyrights.

22.     Bruzzese's actions were malicious, willful, reckless, wanton, fraudulent, and in bad faith.

23.     An actual controversy exists between the parties hereto regarding the infringement, validity, and enforceability of the Bruzzese Registrations.

24.     A judicial declaration regarding the infringement, validity, and enforceability of the Bruzzese Registrations is necessary and appropriate at this time.

9

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff Passages International, Inc. respectfully requests that the Court grant judgment in favor of Passages as follows:

1.      Enter declaratory judgment that Passages is a joint author and co-owner of the subject matter of the Bruzzese Registrations.

2.      Enter declaratory judgment that the Bruzzese Registrations are invalid and unenforceable due to Bruzzese's fraud on the Copyright Office.

3.      Enter declaratory judgment that Passages did not infringe the Bruzzese Registrations because Passages is a joint author of the works registered by the Bruzzese Registrations.

4.      Award damages to Passages in an amount to be determined at trial, plus punitive damages, costs, fees, pre- and post-judgment interest, and such other relief that the Court deems just.

5.      Award Passages its reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

6.      Such other and further relief as the Court may deem just and proper.


Respectfully submitted,

By: _s/ Firouzeh Nur-Vaccaro_____

Y. Jae Kim, Esq.
Firouzeh Nur-Vaccaro, Esq.
**KIM IP LAW GROUP LLC**
129 W. Evesham Road
Voorhees, NJ 08043
Tel: (856) 520-8988

*Attorneys for Defendant/Counterclaim Plaintiff*

10

4861-2135-6958, v. 2

11

4861-2135-6958, v. 2

12

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2024, I electronically filed the foregoing document using the CM/ECF system, which will send notice of such filing to counsel of record for all parties.

s/  Firouzeh Nur-Vaccaro
Firouzeh Nur-Vaccaro, Esq.

4861-2135-6958, v. 2